CITY OF CINCINNATI, APPELLEE, *v.* SAND, APPELLANT.

(No. 73-976—Decided July 9, 1975.)

80

84

*Mr. Thomas A. Luebbers*, city solicitor, *Mr. Paul J. Gorman* and *Miss Delores J. Hildebrande*, for appellees.

*Messrs. Beckman, Lavercombe. Fox & Weil, Mr. Bernard C. Fox* and *Mr. Frederick G. Cloppert, Jr.*, for appellant.

CELEBREZZE, J. This case calls upon this court to construe the admissibility of the results of a Breathalyzer test under R. C. 4511.19. This section provides, in pertinent parts, as follows:

"No person who is under the influence of alcohol or any drug of abuse shall operate any vehicle, streetcar, or trackless trolley within this state.

"In any criminal prosecution for a violation of this section, or ordinance of any municipality relating to driving a vehicle while under the influence of alcohol, the court may admit evidence on the concentration of alcohol in the

defendant's blood at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of such alleged violation. * * * This limitation does not apply to the taking of breath or urine specimens. Such bodily substance shall be analyzed in accordance with methods approved by the Director of Health by an individual possessing a valid permit issued by the Director of Health pursuant to Section 3701.143 of the Revised Code. * * *"[1]

R. C. 3701.143 reads as follows:

"The Director of Health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's blood, urine, breath, or other bodily substance in order to ascertain the amount of alcohol in a person's blood. The director shall approve satisfactory techniques or methods, ascertain the qualifications of individuals to conduct such analyses, and issue permits to qualified persons authorizing them to perform such analyses. Such permits shall be subject to termination or revocation at the discretion of the director."

While the words of the statute are clear enough, it is obvious that they do not contain the regulations or methodology determined by the Director of Health.

Judge Cole of the Court of Appeals for Mercer County, in the case of *State* v. *Miracle* (1973), 33 Ohio App. 2d 289, succinctly set forth three criteria prior to the admission in evidence of the results of a Breathalyzer test, as follows:

"a. The specimen subject of the test must be withdrawn within two hours of the time of such alleged violation;

"b. The substance of the specimen shall be analyzed in accordance with methods approved by the Director of Health;

---

[1] It should be noted at this point that it is not the results of the Breathalyzer test that give rise to its objections, but the presumptions established by this statute which have been purposely omitted since they are not involved in the question presented.

"c. The analysis shall be made by an individual possessing a valid permit issued by the Director of Health, pursuant to Section 3701.143 of the Revised Code."

Appellant argues that the burden is on the prosecution to show that the test was administered according to the methods required by the Director of Health of the state of Ohio.

The sixth paragraph of the syllabus of *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 40 contains this admonition:

"Before the results of a Breathalyzer test given an accused are admissible in evidence against him, it is incumbent on the state to show that the instrument was in proper working order and that its manipulator had the qualifications to conduct the test."

That language contains, in addition to the necessary burden, two of the three prerequisites cited in *Miracle, supra.* It should be pointed out, however, that the *Mentor* case was decided prior to the amendment of R. C. 4511.19, wherein the statutory presumptions eliminated the necessity of medical expert testimony connecting the resultant index number or reading yielded by the Breathalyzer and the physical condition of one accused of being under the influence of alcohol.

Appellant concedes the statutory requirement that the test be administered within two hours of the arrest has been satisfied. And he further concedes that the officer administering the test was sufficiently qualified and licensed by the Director of Health. Appellant is not satisfied with the officer's testimony, recited in the record, concerning his conduct, which appellant contends did not follow the method of operation precisely to that set forth in appellant's proffered Exhibit 2, which contains a "Breathalyzer Operational Check List." We disagree. The testimony of the officer administering the test is buttressed by a second officer who also was a senior licensed operator and who testified that "the procedures were followed."

The record discloses no testimony whatsoever in conflict with that enunciated by the police officers concerning

the method of administering the Breathalyzer test. The evidence introduced by the prosecution lays down a solid foundation for admitting the results of the test. We conclude that the testimony concerning the results of the Breathalyzer test was properly received by the trial court. The prosecution clearly established, through the evidence elicited from the two police officers, that the test was administered in conformity with the standards established by the Director of Health. We hold that it is sufficient to show by the testimony of the participating witnesses that their actions satisfied completely these regulations.[2]

Since we have determined that the admission of the results of the Breathalyzer test was proper, we will not consider the question by the appellant concerning the prejudicial quality of that evidence as provided under R. C. 2945.83(C).[3]

The decision of the Court of Appeals finding error in the admission of the result of the Breathalyzer test is reversed, however their judgment affirming the conviction is adhered to.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.

---

[2] It is not necessary to present documentary proof, as was done in *State* v. *Sickles* (1970), 25 Ohio App. 2d 1, that the testing procedures were completed on a Breathalyzer operational check list. The better evidence is the testimony of the officer as in the instant case.

[3] R. C. 2945.83(C), in pertinent part, reads:

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"* * *

"(C) The admission or rejection of any evidence offered against cr for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby * * *."