CITY OF CLEVELAND, APPELLANT, *v.*
CLEVELAND ELECTRIC ILLUMINATING COMPANY, APPELLEE.

[Cite as Cleveland *v.* Cleveland Elec. Illum. Co. (1983),
4 Ohio St. 3d 184.]

(No. 82-292—Decided April 27, 1983.)

*Mr. James E. Young,* director of law, *Mr. John D. Maddox, Ms. Blair Hodgman* and *Mr. Donald F. Black,* for appellant.

*Messrs. Guren, Merritt, Feibel, Sogg & Cohen, Mr. Stanley M. Fisher, Mr. Michael L. Hardy, Mr. Dennis P. Henningan, Mr. Alan D. Wright* and *Mr. Donald H. Hauser,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Edward D. Hayman,* urging reversal for *amicus curiae,* state of Ohio.

REILLY, J. Appellant asserts four propositions of law as follows:

1. "Due process does not require air pollution inspectors to give suspected air polluters simultaneous or contemporaneous notice of the inspector's observations of readily visible air pollution."

2. "The component steps of Method 9, the technical procedure used by air pollution inspectors in determining a violation, are not elements of the criminal offense and each step of the procedure does not have to be proven beyond a reasonable doubt."

3. "When an element of a criminal offense requires expert witness opinion testimony, such testimony that the element exists is sufficient evidence for the trier of fact to determine that the element is proven beyond a reasonable doubt."

4. "Evidence that Method 9 was followed by air pollution inspectors is sufficient for the trier of fact to find that the component requirements of Method 9 were complied with."

As to appellant's first proposition of law, the court of appeals in this case, in rendering its judgment, relied on *Western Alfalfa Corp.* v. *Air Pollution Variance Bd.* (1975), 35 Colo. App. 207, 543 P. 2d 796, affirmed in *Air Pollution Variance Bd.* v. *Western Alfalfa Corp.* (1976), 191 Colo. 455, 553 P. 2d 811, but ignored the due process ruling of the Colorado Supreme Court in *Western Alfalfa Corp.* at page 462, which reads as follows:

"Due process contemplates that notice should be given of a visual opacity reading by the Department of Health within a reasonably short period of time following the completion of the inspection. Because surprise may play a crucial role in the course of some inspections, we do not require prior or contemporary notice of the inspection. Basic fairness is achieved in this context by delivering actual notice to a plant manager or officer or agent thereof within a short period of time following the inspection. * * *"

The requirement of notice whenever appellant makes observations of appellee's emissions would hinder enforcement. Effective detection of a violation requires that observations be made without notice. There is no constitutional requirement that a law enforcement officer give advance notice to determine whether a violation of law is occurring. If so, it would logically follow that an inspector of a restaurant or bakery advise the owner when an inspection is going to be made.

In this case, appellee was notified immediately after the first two violations were observed on January 18, 1978. Therefore, appellee received reasonable notice of its violations. Moreover, complaints against appellee were filed within a short time after the alleged violations on January 24 and 30, 1978, were observed.

Hence, there is no unreasonable delay between the time the violations were first observed and the time appellee was notified. Furthermore, appellee possessed its own independent methods of monitoring and verifying

the smoke density emitted from its stacks at any given time, which methods were more than adequate.

Therefore, the notice appellee received was definitely adequate to offset any alleged due process of law violations, and due process does not require an air pollution inspector to give suspected air polluters simultaneous or contemporaneous notice of the inspector's observations of readily visible air pollution.

Accordingly, appellant's first proposition of law is well-taken.

Concerning appellant's second proposition of law, the primary element of the criminal offense in this case which must be proven beyond a reasonable doubt is that portion of C.M.C. 265.01(a) which requires that, for a violation thereof to occur, air pollution emissions must be "equal to or darker than * * * twenty percent (20%) opacity * * *." The various component steps of Method 9 applied by an air pollution inspector to determine the percentage of opacity are not elements of the offense. *Cincinnati* v. *Sand* (1975), 43 Ohio St. 2d 79, at 85 [72 O.O.2d 44], established the appropriate principle to be applied in this case as follows:

"While the words of the statute are clear enough, it is obvious that they do not contain the regulations or methodology * * *."

The requirements in *Sand* for the admissibility of test results from a particular type of methodology were met in this case. The inspectors administering the test were well qualified, as established by their testimony. The procedures for conducting such tests were introduced into evidence and the inspectors testified that they had followed such procedures. The component steps of Method 9 are not elements of the criminal offense. Hence, it is not necessary to prove each step beyond a reasonable doubt.

Therefore, appellant's second proposition of law is also well-taken.

As to appellant's third proposition of law, all four air pollution inspectors testified that they determined the opacity of the observed smoke to exceed twenty percent opacity. This was sufficient to satisfy the element of the offense included in C.M.C. 265.01. This testimony was properly admitted. Evid. R. 704 reads as follows:

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."

Thus, the testimony of the air pollution inspectors, as expert witnesses, may include the ultimate issue of fact in the form of a conclusory opinion concerning the existence or nonexistence of an element of the criminal offense to be proven beyond a reasonable doubt.

Therefore, appellant's third proposition of law is also well-taken.

Finally, as to appellant's fourth proposition of law, the transcript includes testimony that the four pollution inspectors were trained and certified, pursuant to Method 9, which was applied in these cases. Method 9 was also introduced into evidence. The court of appeals, however, held that there

was no evidence that the inspectors considered the five percent error inherent in opacity readings within Method 9.

Nonetheless, the procedure in this case was introduced into evidence. Further, all four inspectors testified that the procedure was followed. Therefore, the trier of fact could believe that appellant complied with the component steps of Method 9. It was free, of course, to disbelieve any evidence or testimony to the contrary. Moreover, appellee had the opportunity to cross-examine each inspector concerning whether he had taken into account possible observation error.

Accordingly, appellant's fourth proposition of law is well-taken.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting by assignment.