Defendant-appellant Mark J. Carter appeals his convictions and sentences in the Licking County Municipal Court on one count of Failure to Control, in violation of R.C. 4511.202, and one count of Driving Under the Influence of Alcohol, in violation of R.C. 4511.19(A)(1). Appellant also appeals the February 24, 1998, and December 4, 1998 Judgment Entries denying his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 17, 1997, appellant was arrested and subsequently charged with Operating a Vehicle While Under the Influence of Alcohol, in violation of R.C. 4511.19(A)(1), Operating a Vehicle with a Prohibited Concentration of Alcohol in his breath, in violation of R.C. 4511.19(A)(3), and failure to control, in violation of R.C. 4511.202. At his arraignment on August 20, 1997, appellant entered pleas of not guilty to all charges.
The trial court scheduled a trial for October 14, 1997. On September 22, 1997, appellant filed a Motion to Suppress. The trial court conducted an oral hearing on the motion on October 14, 1997.
Via Judgment Entry dated February 24, 1998, the trial court denied all aspects of appellant's Motion to Suppress. The trial court explained the long delay in ruling on the motion in a letter dated February 25, 1998, stating the transcript of the suppression hearing had been "lost, misplaced or taped over." In light of the substantial delay, on March 11, 1998, appellant requested the trial court conduct a new suppression hearing. The trial court denied the request in a Judgment Entry dated March 19, 1998. The matter was scheduled for trial the following day.
On the day of trial, appellant filed a Motion to Dismiss alleging a violation of speedy trial rights. Via Judgment Entry dated March 20, 1998, the trial court summarily denied this motion. Thereafter, appellant entered pleas of no contest to Operating a Vehicle While Under the Influence of Alcohol, in violation of R.C. 4511.19(A)(1), and Failure to Control, in violation of R.C. 4511.202. Appellant filed a notice of appeal. The charge of Operating a Vehicle with a Prohibited Concentration of Alcohol [R.C. 4511.19(A)(3)] remained pending. After this Court dismissed the appeal for lack of a final appealable order, the trial court formally dismissed the R.C.4511.19(A)(3) charge in a December 4, 1998 Judgment Entry.See, State v. Carter (Nov. 12, 1998), Licking App. No. 98CA00033, unreported.
Because the transcript was "lost, misplaced or taped over," appellant, prepared a statement of evidence as a record for appeal pursuant to App. R. 9(C). Appellee filed its objections to appellant's proposed 9(C) statement. Instead of adopting portions of the prepared statements, the trial court filed its own 9(C) statement of evidence. Neither side moved to supplement the record, therefore, the trial court's 9(C) statement constitutes the entire record of the suppression hearing before this Court.
Appellant filed a timely notice of appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL, IN VIOLATION OF R.C. 2945.71.
 II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO CONDUCT A NEW SUPPRESSION HEARING.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE STATE HAD SUBSTANTIALLY COMPLIED WITH THE REGULATIONS RELATING TO THE CALIBRATION OF THE BAC DATAMASTER.
We will address appellant's third assignment of error first because it is dispositive of the appeal.
 III
In his third assignment of error, appellant contends the trial court erred in finding appellee substantially complied with Ohio Adm. Code 3701-53-04 and Ohio Adm. Code 3701-53-04(E) in calibrating the intoxylizer machine known as the BAC DataMaster.
When reviewing the trial court's decision not to suppress evidence, we are guided by the Ohio Supreme Court's decisions in State v. Smith (1991), 61 Ohio St.3d 284, and State v.Fanning (1982), 1 Ohio St.3d 19. Pursuant to these cases, it is well-settled law "[a]t a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." Smith, supra at 288, citing Fanning, supra at 20. We are, therefore, required to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Klein (1991), 73 Ohio App.3d 486, 488. It is based upon this standard we review appellant's assignment of error.
Ohio Adm. Code 3701-53-04(A)(1) and 3701-53-04(E), provides:
 (A)(1) An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health. An instrument check is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that instrument check solution. * * * Results from an instrument check which are outside the range specified in this paragraph shall be confirmed by the senior operation using another bottle of instrument check solution. If this instrument check is also outside the range, the instrument shall not be used until the instrument is serviced.
* * *
 (E) Results of the instrument checks, and records of maintenance and repairs shall be retained in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code.
(Emphasis added).
Before the results of a breathalyser test may be admitted into evidence, the State must show (1) the instrument was in proper working order; (2) its operator had the proper qualifications to conduct the test; and (3) the test was conducted in substantial compliance with the Ohio Department of Health regulations. See: Cincinnati v. Sand (1975), 43 Ohio St.2d 79; Newark v. Lucas (1988), 40 Ohio St.3d 100. When a motion to suppress is predicated on non-compliance with Department of Health regulations, the burden is on the State to prove compliance with said regulations. See: State v. Crowderand Wright (Nov. 30, 1995), Morgan App. Nos. CA-95-14 and CA-95-15, unreported.
This Court has reviewed a number of cases factually similar to the matter sub judice, and in each instance, the evidence and exhibits presented at the suppression hearing were central to a determination of substantial compliance.
In State v. Walton (Mar. 26, 1998), Fairfield App. No. 97CA00063, unreported, the testimony indicated the police department acted in derogation of Ohio Adm. Code3701-53-04(A)(2) when it discarded solutions and the calibration cards from invalid test results. This Court found noncompliance with the regulations, but held the noncompliance was of no effect. Id. at 5-6. The calibration checks immediately before and immediately after the defendant's test fell within the specified ranges. Id. Further, there was no evidence to indicate records from either of those tests had been discarded. Based on the facts, this Court found the test results sufficiently reliable. Id.
In State v. Sherrick (June 1, 1998), Fairfield App. No. 97CA83, unreported, we reaffirmed our ruling in Walton, supra,
finding substantial compliance where the parties stipulated no calibration failure occurred during the time frame surrounding the defendant's test. Id. at 2. Like Walton, the reliability of the breath test had not been compromised. Id. Further, the record in Sherrik demonstrated there were never two consecutive calibration failures which would have required further investigation into the accuracy of the instrument. Id.
In State v. Hickman (Nov. 25, 1996), Stark App. No. 1996CA00119, unreported, this Court determined the results of the breath test should be suppressed where the State failed to present documentation of the test results at the suppression hearing. Id. Again, in State v. Fulford (April 27, 1995), Licking App. No. 94CA98, unreported, the State failed to produce the results "ticket" showing the breath analyzer had been calibrated both before and after the defendant's test. Id.
at 2. This Court held the results and records of intoxilizer calibration tests must be retained and identified:
 Failure to do so requires a judgment of acquittal and a reversal of a conviction. * * * Absent the presentation of these documents at the suppression hearing, we must sustain appellant's second assignment of error. The trial court's decision to deny appellant's motion to suppress was not supported by competent, credible evidence absent these documents.
 Id.
With these decisions in mind, we turn our attention to the record before us. As noted above, our review is limited to the 9(C) statement prepared by the trial court. This document, which did not incorporate exhibits, states, in pertinent part:
 The facts as gleaned from the suppression hearing are as follows: Trooper Lee of the Ohio State Patrol was the State's only witness.
* * *
 The BAC DataMaster test was administered to the Defendant at 2:29 a.m.
* * *
 The trooper further testified that the BAC DataMaster test was conducted by him, a senior operator, in a manner which conformed to all Ohio Department of Health rules and regulations including, but not limited to, calibration procedures and RFI testing procedures.
* * *
 The defense called Dr. Alfred Staubis as its only witness. Dr. Staubis is an individual who in the past the Court has determined to be an expert witness in matters such as alcohol testing and the effects of alcohol on individuals. Dr. Staubis testified that the results of the BAC DataMaster test in this case should not be relied upon by the Court because the State of Ohio failed to comply with acceptable scientific procedure in calibrating previous tests. Specifically he opined that on June 29, 1997 and again in July of 1997 the log book should have shown a failure in calibrating the previous tests. Specifically he opined that on June 29, 1997 and again in July of 1997 the log book should have shown a failure in calibrating the machine but did not. He testified that the procedure utilized by the patrol was scientifically flawed. The procedure about which Dr. Staubis testified involved steps taken by the patrol after receiving an initial indication that the calibration solution did not test within .005 of the known sample. The procedure in place at that time called for the patrol to do another calibration test and if this calibration test was within .005 they would record the result as being an accurate calibration. Additionally, they would not record the first attempt in calibrating the machine as a failure and take the machine out of service. Dr. Staubis reasoned that because this scenario happened in June and again in July of 1997 that all subsequent tests were suspect.
 The court found that Dr. Staubis' testimony in this regard was less than credible. The Court found specifically that the regulations of the Ohio Department of Health had been substantially complied with and did not suppress the test result in this case.
(Emphasis added).
The 9(C) statement is silent as to admission of any exhibits or supporting documentation in the record. Because the 9(C) statement does not affirmatively demonstrate the performance of calibration tests immediately before and immediately after appellant's test, and because there is no evidence demonstrating such results were within the permissible limits, we find the court had no competent, credible evidence upon which to base its decision, and erred in finding appellee substantially complied with the regulations.
 I II
In light of our disposition of appellant's third assignment of error, we find appellant's first and second assignments of error to be moot.
Appellant's sole assignment of error is sustained. The judgment of the Licking County Municipal Court is reversed.
By: Hoffman, J., Gwin, P.J. and Farmer, J. concur
____________________
____________________
 ____________________ JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings in accordance with the law and this opinion.
____________________
____________________
 ____________________ JUDGES