OPINION
Defendant-Appellant, Barry K. Gray, appeals a judgment of conviction and sentence entered by the Paulding County Court finding him guilty of failure to maintain control of his vehicle and driving under the influence of alcohol (DUI). The State of Ohio has filed a cross-appeal asserting that the trial court erred in sentencing Appellant to the penalties for a first DUI offense when the evidence shows a prior conviction. Based upon the reasoning set forth below, we affirm the convictions, but reverse the sentence with respect to the DUI only and remand the matter for further proceedings.
The record shows that on December 31, 1999, Randy Eaton, an officer for the Paulding Police Department, was dispatched to Appellant's residence sometime between 4:30 a.m. and 5:00 a.m. for a domestic dispute. Upon arrival, Officer Eaton discovered that Appellant had been involved in an argument with several family members. More specifically, Appellant's wife and children were upset that Appellant, who had a history of troubles stemming from the use of alcohol, appeared to be intoxicated that night.
In speaking with Appellant, Officer Eaton was able to discern that Appellant had been involved in a one-car accident earlier that night. Appellant stated that he hit a pole near a McDonald's restaurant in the Village of Paulding sometime after 2:00 a.m. when he left an establishment called The King of Clubs. The officer inspected the vehicle and found a headlight cover missing and various other minor damage to the front end of Appellant's 1995 Mustang.
Officer Eaton also observed a strong odor of alcohol emanating from Appellant's breath. In addition to the odor, Officer Eaton noticed that Appellant's eyes appeared glassy and bloodshot, and that he seemed unsteady on his feet. As a result of these observations, Officer Eaton administered various field sobriety tests. Appellant performed poorly on all tests, which included the Horizontal Gaze Nystagmus, the walk-and-turn, and the one-leg stand. At this point, Appellant was arrested and transported to the Paulding Police Station for a standard Breathalyzer test. The test, which was administered at 5:49 a.m., revealed a blood alcohol level of .213 percent. As a result, Appellant was charged with DUI under R.C. 4511.19(A)(1) and (A)(3), and failure to control under R.C. 4511.202. The citation alleged that this was Appellant's second DUI offense in the past six years.
Appellant pled not guilty to the charges and the cause was set for a trial to the court on August 15, 2000. Following the presentation of evidence by the State of Ohio, counsel for the defendant moved for an acquittal on all charges pursuant to Crim.R. 29. The court overruled the motion, and the defense proceeded with its case. After hearing evidence from both sides, the court took the matter under advisement and eventually found Appellant guilty of both charges. The trial court entered judgment on September 13, 2000, classifying the instant DUI as Appellant's first offense. Consequently, the court sentenced Appellant to serve sixty days in jail on the DUI offense, coupled with a $750 fine; fifty-seven of the days and $400 of the fine were suspended. The court also ordered Appellant to pay a $30 fine on the conviction for failure to control. The court then granted Appellant's motion to stay execution of the sentence pending the outcome of this appeal. As previously noted, the State of Ohio has also filed a cross-appeal in this case.
We will first review the assignments of error raised by Appellant, which we have chosen to discuss simultaneously.
 Assignment of Error I
The trial court erred in overruling Defendant's motion for acquittal presented at the conclusion of the state's case in chief.
 Assignment of Error II
The evidence presented at trial was insufficient to sustain the convictions and the judgment of the trial court was against the manifest weight of the evidence.
Appellant first argues that the trial court erred in overruling his motion for acquittal and that the evidence is insufficient to sustain the convictions for DUI and failure to control. We disagree.
According to Crim.R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *." In reviewing a trial court's decision on a motion for acquittal, this court is bound to follow the standard of review announced in State v. Bridgeman (1978),55 Ohio St.2d 261, which states:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.
The Bridgeman standard, however, must also be viewed in light of the test for sufficiency of the evidence. State v. Foster (Sept. 17, 1997), Seneca App. No. 13-97-09, unreported. This test was set forth in Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, wherein the Supreme Court of Ohio held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
As we have already pointed out, Appellant was charged with DUI under R.C. 4511.19(A)(1) and (A)(3). Thus, we will examine Appellant's assertions as they pertain to both sections. We first observe R.C.4511.19(A)(1), which states:
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 (1) The person is under the influence of alcohol.
At trial, Officer Eaton testified that Appellant admitted to consuming alcohol that morning at the King of Clubs, and that the accident occurred after he left the club sometime around 2:00 a.m. Officer Eaton also stated that Appellant denied having consumed any alcohol after returning home. The evidence further shows that by the time the officer arrived on the scene, Appellant exhibited several signs of intoxication, including glassy bloodshot eyes, lack of balance, and a strong odor of alcohol emanating from his person. Appellant also failed the various field sobriety tests administered by Officer Eaton. We find that the evidence as to Appellant's physical condition, coupled with his admissions regarding when and where he consumed alcohol and the approximate time of the accident, could lead a rational finder of fact to conclude that the State proved the essential elements of R.C. 4511.19(A)(1) beyond a reasonable doubt.
With that stated, we move on to address R.C. 4511.19(A)(3), which provides:
 (A) No person shall operate any vehicle * * * within this state, if any of the following apply:
 * * *
 (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol in his blood.
In addition to the aforementioned evidence, the prosecution offered the results of the Breathalyzer test administered to Appellant at 5:49 a.m. that morning to support its case under this section of the Ohio Revised Code. The test yielded a concentration of alcohol on Appellant's breath of .213. Appellant specifically complains that the court erred in considering these results because the test was given in violation of the mandatory time limitations contained in R.C. 4511.19(D)(1). Again, we are not persuaded.
We recognize the language contained in R.C. 4511.19(D)(1), which provides that a court may admit evidence of blood alcohol content "as shown by chemical analysis of the defendant's * * * breath * * * withdrawn within two hours of the time of the alleged violation." Notwithstanding, we are also mindful of the holding set out in State v.French (1995), 72 Ohio St.3d 446, wherein the Ohio Supreme Court stated, at paragraph one of the syllabus:
 Because Crim.R. 12(B)(3) applies to all charges under R.C. 4511.19, a defendant charged under R.C. 4511.19(A)(1) through (4) who does not challenge the admissibility of the chemical test results through a pretrial motion to suppress waives the requirement on the state to lay a foundation for the admissibility of the test results at trial. The chemical test result is admissible at trial without the state's demonstrating that the bodily substance was withdrawn within two hours of the time of the alleged violation * * *. (Defiance v. Kretz [1991], 60 Ohio St.3d 1, 573 N.E.2d 32, approved; Cincinnati v. Sand [1975], 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908, modified.) [emphasis added.]
The record is clear that Appellant failed to file a pretrial motion to suppress the breath test on these grounds. Therefore, Appellant waived any objections to the state's compliance with the statutory time limitation. French, 72 Ohio St.3d at 452. As such, we conclude that the trial court did not err in refusing to grant Appellant's motion for acquittal since the evidence was sufficient to prove a violation of R.C.4511.19(A)(3) beyond a reasonable doubt.
In addition to the DUI offense, Appellant asserts a similar argument as to the conviction for failure to control. This offense is codified in R.C. 4511.202, which states:
 No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar.
Appellant argues that the court erred in refusing to grant his Crim.R. 29 motion and in finding him guilty of failure to control because the state did not present any evidence regarding the actual cause of the accident. We are not convinced.
Upon arriving on the scene and speaking with Appellant, Officer Eaton learned that Appellant "wrecked" his car after leaving the King of Clubs when his vehicle hit a pole situated near an intersection in the Village of Paulding. Appellant admitted to the officer that he had been drinking alcohol prior to the accident, and that he did not consume any similar beverages upon arriving home. Officer Eaton also observed that Appellant had trouble balancing and that he performed poorly on various field sobriety tests administered well after the accident had occurred. Although Appellant did not explain the cause of the accident to the officer, we find that the State produced sufficient circumstantial evidence of a violation of R.C. 4511.202. Cf., City of MiddleburgHeights v. D'Ettore (2000), 138 Ohio App.3d 700 . Thus, the trial court did not err with respect to the Crim.R. 29 motion or the finding of guilt on the charge of failure to control.
Having now disposed of Appellant's arguments regarding sufficiency, we must turn our attention to his assertion that the convictions were against the manifest weight of the evidence. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence,
offered in a trial, to support one side of the issue rather than the other.'" State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. In making its determination on this issue, the appellate court:
 * * * [Reviews] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain a manifest weight argument in exceptional cases only, where the evidence "weighs heavily against the conviction." Id.
The record herein does not support a reversal on this basis. While it is true that Appellant's testimony conflicted with that of Officer Eaton's on several occasions, the trial court did not "clearly lose its way" in resolving these conflicts in favor of the State of Ohio. Therefore, we find that the convictions are not against the manifest weight of the evidence.
Based upon the foregoing, Appellant's first and second assignments of error are overruled.
The State of Ohio asserts three assignments of error in its cross-appeal. As with Appellant's assignments of error, we have elected to address the following arguments together:
 I.
The trial court erred by considering and agreeing with arguments by the Defendant that the charge of OMVI at issue in the case was improperly brought as a second offense within six years.
 II.
The trial court erred when it did not conduct a thorough inquiry into the nature of the prior conviction, because such inquiry clearly demonstrates that the ordinance violated in the prior case is not only substantially similar to, but virtually identical to O.R.C. 4511.19.
 III.
The trial court erred by improperly convicting and sentencing the Defendant for OMVI first offense within six years despite the existence of a valid prior offense.
The State of Ohio essentially complains that the trial court erred in sentencing Appellant by treating the instant conviction as a first DUI because evidence exists to show that Appellant was previously convicted of a similar offense in 1997 in the Village of Paulding Mayor's Court. For the reasons that follow, we find merit to the state's argument.
R.C. 4511.99 (A)(1) generally provides, among other things, that a person convicted of DUI under R.C. 4511.19(A)(1), (2), (3), or (4) shall be guilty of a first degree misdemeanor and shall be sentenced to three consecutive days in jail. However, the relevant version of R.C.4511.99(A)(2)(a) states, in pertinent part:
 * * *[I]f, within, six years of the offense, the offender has been convicted of or pleaded guilty to one violation of division (A) or (B) of section 4511.19 of the Revised Code, [or] a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, [or] a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine * * * the offender is guilty of a misdemeanor of the first degree and the court shall sentence the offender to a term of imprisonment of ten consecutive days * * *.
The citation issued to Appellant on the instant offense alleged that it was his second DUI in six years, apparently because a L.E.A.D.S. printout listed a prior "DUI-Alcohol/Liquor" conviction in May 1997. The citation for that offense alleged that on May 4, 1997, Appellant "[d]id operate a vehicle while under the influence of alcohol and having a concentration of .10 grams or more by weight of alcohol per 210 liters of breath" in violation of Section 73.01 of the Paulding Municipal Code. The citation also shows a Breathalyzer test result of .180.
Appellant failed to appear in the Paulding Village Mayor's Court as instructed. On appeal, Appellant specifically admits that as a result of his inaction, the mayor's court magistrate properly found him guilty of an offense entitled "physical control", ordered a $410 bond forfeited and assessed two points against his license. Appellant argues, however, that because his sentence for the 1997 offense was completely unlike the typical sentence on a first DUI, the trial court correctly found that the previous conviction could not be used as a penalty enhancement under R.C.4511.99(A)(2)(a). We do not agree.
We first observe that although Appellant claims he was convicted of the offense of "physical control", Section 73.01 Paulding Municipal Code, which appears on the face of the 1997 citation, is entitled "Driving while intoxicated or drugged." The version that apparently was in effect at the time of the offense states, in relevant part:
 (A) No person shall operate any vehicle within this municipality if any of the following apply:
 (1) The person is under the influence of alcohol * * *.
* * *
 (2) The person has a concentration of 0.10 grams or more by weight of alcohol per 210 liters of his or her breath.
Obviously, the substance of this ordinance is virtually identical to R.C. 4511.19(A)(1) and (3). As noted, R.C. 4511.99(A)(2)(a) requires a prior conviction of a municipal ordinance relating to operating a vehicle under the influence of alcohol or with a prohibited breath-alcohol concentration before a trial court may properly enhance the sentence on a DUI offense. The statute does not contain a requirement that the offender have been ordered to serve a sentence similar to that outlined in the Ohio Revised Code. Therefore, we find that the trial court committed reversible error in refusing to treat the instant offense as Appellant's second DUI within six years.
Accordingly, the assignments of error asserted in the state's cross-appeal are sustained.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of conviction entered by the trial court is hereby affirmed. However, because we find the trial court erred to the prejudice of the State of Ohio, in the particulars assigned and argued in the cross-appeal, the DUI sentence is vacated and this matter is remanded for further proceedings consistent with this opinion.
 ______________ WALTERS, P.J.
 BRYANT and HADLEY, JJ., concur.