OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant Kimberly Jo Burgins appeals the decision of the County Court, District #2, Jefferson County, Ohio, convicting her of violating R.C. 4511.19(A)(3), driving under the influence. The issues we must resolve are whether the results of the BAC test were properly admitted into evidence at trial and whether Burgins was entrapped by the police.
 {¶ 2} First, Burgins failed to file a motion to suppress prior to trial and as a result her challenge to the timing of the test has been waived. Second, Burgins failed to prove the affirmative defense of entrapment since the dispatcher who told Burgins to drive to the Post was unaware that Burgins had been drinking. Accordingly, Burgins' arguments are meritless and the judgment of the trial court is affirmed.
 Facts {¶ 3} On May 3, 2003, Burgins received several phone calls from her boyfriend who had been incarcerated that evening for driving under the influence. Burgins was with her boyfriend at the time of his arrest, but was given a ride home because she was told by an officer at the scene not to operate a vehicle since she had been drinking. In a later phone call initiated by her boyfriend, Burgins was told by a police dispatcher that if she didn't come to the Post to pick up her boyfriend, he would be taken to county jail. Burgins then drove to the Post where she encountered Trooper Frankie. Burgins admitted to the officer that she had been drinking and that she had driven to the Post. Trooper Frankie administered a BAC test which registered a .217. Burgins was then charged with violating R.C. 4511.19(A)(3), driving under the influence, and was convicted of the offense after a bench trial.
 {¶ 4} As her first of two assignments of error, Burgins claims:
 {¶ 5} "The trial court erred in admitting the results of the breath alcohol verifier test (BAC) without proof the test was administered within two hours of Defendant-Appellant operting (sic) a motor vehicle."
 {¶ 6} Although Burgins failed to file a motion to suppress in this case, she claims she has not waived this argument because she was found guilty after a bench trial. Burgins explains in her brief, "Such consideration at a bench trial of issues that could have been raised by a motion to suppress is common practice to insure judicial economy in Courts with part-time judges. With no jury that could be confused, the court can consider matters raisable by a motion to suppress at trial and thereby have only one hearing and not two."
 {¶ 7} Burgins offers nothing in support of this contention, apparently because no court has held a bench trial is somehow different than a jury trial for the purposes of Crim.R. 12(C)(3) which states:
 {¶ 8} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial: * * *
 {¶ 9} "(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only." Id.
 {¶ 10} Significantly, the rule does not distinguish between bench trials and jury trials. Accordingly, the two types of trials are indistinguishable and should be treated the same.
 {¶ 11} Burgins further claims that pursuant to 4511.19
(D)(1), the results of a properly administered bodily substances test may be admitted in evidence only if the bodily substance is drawn within two hours of the alleged violation. However, inState v. French (1995), 72 Ohio St.3d 446, the Ohio Supreme Court stated, when discussing former Crim.R. 12(B)(3):
 {¶ 12} "Because Crim.R. 12(B)(3) applies to all charges under R.C. 4511.19, a defendant charged under R.C. 4511.19(A)(1) through (4) who does not challenge the admissibility of the chemical test results through a pretrial motion to suppress waives the requirement on the state to lay a foundation for the admissibility of the test results at trial. The chemical test result is admissible at trial without the state's demonstrating that the bodily substance was withdrawn within two hours of the time of the alleged violation * * *. (Defiance v. Kretz [1991],60 Ohio St.3d 1, 573 N.E.2d 32, approved; Cincinnati v. Sand
[1975], 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908, modified.)" Id. at paragraph one of the syllabus.
 {¶ 13} Because Burgins failed to file a pre-trial motion to suppress the breath test on these grounds, she has waived any objections to the State's compliance with the statutory time limitation. French, 72 Ohio St.3d at 452. As such, the trial court did not err in admitting the results of the BAC test.
 {¶ 14} As her second assignment of error, Burgins alleges:
 {¶ 15} "The trial court erred in failing to find that Defendant-Appellant had established the affirmative defense of entrapment."
 {¶ 16} Burgins claims that she was entrapped based upon the dispatcher telling her over the phone that if she didn't come and pick up her boyfriend, he would be taken to the county jail. Despite the fact Burgins had been told earlier by another officer not to operate a vehicle, Burgins believed she was authorized to drive by the dispatcher. However, Burgins admitted that she never indicated to the dispatcher that she had been drinking.
 {¶ 17} Entrapment is an affirmative defense which the defendant has the burden of proving at trial by a preponderance of the evidence. State v. Doran (1983), 5 Ohio St.3d 187, paragraph two of the syllabus; R.C. 2901.05(A). Entrapment exists "where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." Doran at paragraph one of the syllabus. Thus, entrapment is a confession and avoidance defense. Id. at 193. In order to establish entrapment, the defendant admits participation in the criminal activity but attempts to excuse that conduct by claiming the criminal design originated with government officials. Id. However, there is no entrapment when government officials "merely afford opportunities or facilities for the commission of the offense' to a criminal defendant who was predisposed to commit the offense. Id. at 192.
 {¶ 18} The record indicates Burgins did not present sufficient evidence to prove entrapment by the police. Because the dispatcher was unaware that Burgins had been drinking, the criminal plan clearly did not and could not originate with officials of government as required by the Supreme Court's holding in Doran. Burgins second assignment of error is also meritless.
 {¶ 19} Accordingly, the judgment of the trial court is affirmed.
Waite, P.J., and Vukovich, J., concurs.