OPINION
{¶ 1} Defendant-appellant Cory Blazek appeals from his conviction in the Belmont County Court, Western Division. Blazek pleaded no contest to charges brought against him under R.C.4511.19. The issues facing this court are whether the trial court erred by admitting the results of Blazek's BAC DataMaster breath test into evidence and whether or not Blazek's conviction was against the manifest weight of the evidence. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On January 10, 2003, Blazek was arrested and charged with a violation of R.C. 4511.19(A)(3), driving while under the influence of alcohol, and was also charged with a marked lanes violation and a seatbelt violation. (Tr. 6). While at the scene where Officer LaRoche stopped Blazek, LaRoche administered a Portable Breath Test (PBT) on Blazek. The PBT result was .082. (Ferguson Report, 1). Also, LaRoche administered three field sobriety tests, all of which Blazek failed. (Ferguson Report, 1). Blazek then admitted to Officer LaRoche that he consumed six to eight beers before he was stopped. (Ferguson Report, 2).
 {¶ 3} As a result, Blazek was arrested and transported to an Ohio Highway Patrol post, where a BAC DataMaster test was administered. Blazek blew a 0.139. (Police Report). This result and all other information and evidence were submitted to James Ferguson, an expert, to determine the alcohol content of Blazek's breath at the time he operated his motor vehicle. On October 22, 2003, Ferguson gave a report, which was submitted as stipulated testimony. According to his report, Blazek's alcohol level at the time he was stopped on January 10, 2003 was at least .093 and as much as .150. (Ferguson Report, 4).
 {¶ 4} Based on the report given by Ferguson, Blazek moved to dismiss his BAC test results, or in the alternative, suppress them from being admitted into evidence at trial. The trial court overruled this motion, stating that this argument went to the weight of the evidence rather than admissibility. Blazek entered a plea of no contest to the DUI charge; the other two traffic violations were dismissed. The trial court found him guilty of violating R.C. 4511.19(A)(3) and sentenced him to thirty days in jail, with twenty days suspended, a fine of $1,000, that he not violate any traffic laws in Ohio for two years, be evaluated by an alcohol abuse center, and suspended his license for one year. (Tr. 11-12).
 {¶ 5} Blazek timely appeals raising two assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} Blazek's first assignment of error provides:
 {¶ 7} "The trial court erred in ruling the BAC test was admissible at trial."
 {¶ 8} Blazek argues that the trial court erred in admitting his BAC test results into evidence at trial. He contends that the expert's report stated that at the time of the violation, Blazek's breath alcohol level was between .093 and .150. He claims that this opinion renders the BAC test result unreliable and, thus, the trial court abused its discretion in admitting the test results. The state rebuts this argument by stating that the BAC test was administered within the statutory time limit and performed in accordance with Ohio Department of Health (ODH) regulations, and thus the trial court did not abuse its discretion.
 {¶ 9} Blazek was prosecuted under R.C. 4511.19(A)(3), which states that "No person shall operate a vehicle * * * within this state, if any of the following apply: * * * The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath." Also, R.C.4511.19(D)(1) sets forth that, "In any criminal prosecution or juvenile court proceeding for a violation of this section * * * the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, breath, urine, or other bodily substance withdrawn within two hours of the time of the alleged violation." (Emphasis added).
 {¶ 10} Accordingly, it is within the trial court's discretion to admit the results of breath tests that are given within two hours of the arrest. Courts have stated that as long as the test (urine, blood, or breath) is done within the time limit, and the ODH regulations are substantially (unless actual prejudice is shown then strict compliance is required) complied with, then the results are admissible. State v. Shaffer, 4th Dist. No. 01CA21, 2002-Ohio-4167 (stating test was admissible when it was administered within the two hour time period). See, also, Cityof Cincinnati v. Sand (1975), 43 Ohio St.2d 79; State v.Miracle (1973), 33 Ohio App.2d 289.
 {¶ 11} The trial court stated and Blazek admits that the BAC test was performed within two hours of his arrest. (Tr. 10). Thus, any arguments, other than one based on a failure to substantially or strictly comply with the ODH regulations, that the trial court abused its discretion in admitting the breath test performed within the period allowable by R.C. 4511.19(D) fail.
 {¶ 12} Blazek did not argue in his suppression motion that there was no substantial compliance with the ODH regulations. Rather, Blazek admitted that the BAC test was administered in substantial compliance with Ohio Department of Health (ODH) regulations. He then argued they were unreliable and inadmissible based upon an expert's report. His argument fails.
 {¶ 13} Substantial compliance with the ODH regulations renders the test results reliable and, thus, admissible. SeeState v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶36-37. As the Burnside court explained, the Director of Health is in the best position to know the requirements that must be met in blood, breath, or urine alcohol testing to ensure its reliability. Id. at ¶ 33-37. Meeting its requirements renders the test results admissible. Thus, in admitting that the ODH regulations were substantially complied with and making no argument that less than strict compliance would result in prejudice to himself, Blazek fails to show that the test results were unreliable for the purposes of admissibility.
 {¶ 14} Accordingly, given all the above, the trial court did not abuse its discretion by allowing the admission of the BAC test results into evidence. This assignment of error lacks merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 15} Blazek's second assignment of error provides:
 {¶ 16} The trial court erred in finding defendant guilty of RC [sic] 4511.19 A3 [sic] based upon the weight of the evidence.
 {¶ 17} Blazek argues that the trial court should have determined that the results of his BAC test did not provide enough evidence to prove his guilt beyond a reasonable doubt. The state argues that the trial court did not lose its way or create a manifest miscarriage of justice in finding Blazek guilty.
 {¶ 18} When reviewing a manifest weight of the evidence argument, an appellate court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. Id. at 390. Nonetheless, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts. State v. DeHass
(1967), 10 Ohio St.2d 230.
 {¶ 19} Blazek argues that Ferguson's findings and testimony do not support the conviction. The relevant portion of Ferguson's findings are that, based on the facts of the case and his calculations, the amount of alcohol in Blazek's breath was at least .093 and as much as .150 at the time of the incident. (Ferguson Report, 4). The legal limit in Ohio at the time of the incident was .10. R.C. 4511.19(A)(2) (prior version). Therefore, the results of Ferguson's examination indicate that, at the time of the incident, Blazek's breath alcohol content could have been either just below, or well above, the legal limit.
 {¶ 20} The trial court admitted the result of the BAC test into evidence, which was .139 less than two hours after Blazek's arrest. When it declared that Blazek was guilty, the court stated that it considered Ferguson's report in determining that the BAC test results may not have accurately reflected Blazek's actual blood alcohol content at the time of the incident. (Tr. 10). However, the trial court did not place "great weight" on the report because it both inculpated and exculpated him. (Tr. 10). Therefore, relying on the BAC test results, the observations made by Officer LaRoche, and Blazek's admission that he had consumed six to eight beers prior to driving, it found him guilty. (Tr. 10-11).
 {¶ 21} Considering that the report was inconclusory as to whether or not Blazek was over the legal limit at the time of the violation, we cannot state that the trial court lost its way and created a manifest injustice in finding Blazek guilty. Officer LaRoche's observations, Blazek's failed field sobriety tests, Blazek's admission to drinking six to eight beers prior to driving, and the BAC test result is substantial evidence which the court could rely on to reasonably conclude that Blazek was guilty beyond a reasonable doubt. As such, this assignment of error lacks merit.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.