[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 446.]

THE STATE OF OHIO, APPELLANT, *v.* FRENCH, APPELLEE.

[Cite as *State v. French*, 1995-Ohio-32.]

*Criminal procedure—Requirement on state to lay foundation for admissibility of chemical test results at trial of defendant charged under R.C. 4511.19(A)(1) through (4) waived, when—Requirement for introducing into evidence results of breathalyzer tests in prosecutions under R.C. 4511.19(A)(1).*

1. Because Crim.R. 12(B)(3) applies to all charges under R.C. 4511.19, a defendant charged under R.C. 4511.19(A)(1) through (4) who does not challenge the admissibility of the chemical test results through a pretrial motion to suppress waives the requirement on the state to lay a foundation for the admissibility of the test results at trial. The chemical test result is admissible at trial without the state's demonstrating that the bodily substance was withdrawn within two hours of the time of the alleged violation, that the bodily substance was analyzed in accordance with methods approved by the Director of Health, and that the analysis was conducted by a qualified individual holding a permit issued by the Director of Health pursuant to R.C. 3701.143. (*Defiance v. Kretz* [1991], 60 Ohio St.3d 1, 573 N.E.2d 32, approved; *Cincinnati v. Sands* [1975], 43 Ohio St.2d 79, 72 O.O. 2d 44, 330 N.E.2d 908, modified.)

2. When introducing a legally obtained breathalyzer test result below .10 into evidence in prosecutions under R.C. 4511.19(A)(1), the state must present expert testimony to relate the numerical figure representing a percentage of alcohol by weight in the bodily substance, as shown by the results of the chemical test, to the common understanding of what it is to be under the influence of alcohol. (*Newark v. Lucas* [1988], 40 Ohio St.3d 100, 532 N.E.2d 130, approved.)

(No. 94-67—Submitted February 7, 1995—Decided July 5, 1995.)

CERTIFIED by the Court of Appeals for Clark County, No. 3004.

_____

**{¶ 1}** At approximately 12:43 a.m. on June 20, 1992, Chief Whaley of the village of North Hampton observed defendant-appellee Angela K. French driving her automobile at a speed greater than the posted limit and failing to dim her headlights.

**{¶ 2}** In the course of following the vehicle for speeding, Chief Whaley observed French's automobile weaving and repeatedly going left of center. Upon being stopped, French was given a series of field sobriety tests and subsequently arrested. At the Clark County Jail, French submitted to a breath-alcohol content ("BAC") verifier test of her breath, which showed a concentration of .091 grams of alcohol per two hundred ten liters of breath, within the legal limit of .10.

**{¶ 3}** French was charged with operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and with speeding in violation of R.C. 4511.21(B)(3). The speeding charge was later dismissed.

**{¶ 4}** Prior to the day of trial, French did not file a motion to suppress the results of the BAC test or in any way challenge the test's compliance with Ohio Department of Health regulations. Rather, on the day of the trial, French made an oral motion *in limine* challenging the admissibility of the actual numerical concentration solely on the basis that the state did not intend to present expert testimony to explain to the jury the significance of a .091 test result. The trial court ruled that the evidence of the test result would be admissible for the limited purpose of showing alcohol in French's system and adopted a proposed jury instruction addressing that point.

**{¶ 5}** At trial, the prosecution elicited testimony from Chief Whaley regarding the BAC test results without first laying a foundation for its admissibility. Although a defense objection to testimony of the actual alcohol concentration was

sustained on the ground of relevance, the test result printout was admitted into evidence.

{¶ 6} The jury found French guilty of operating a vehicle while under the influence of alcohol. The trial court sentenced French to serve thirty days in jail, with twenty-seven days suspended, and one year of probation. The court also suspended her license for sixty days and ordered her to participate in an alcohol-dependency assessment.

{¶ 7} The Second District Court of Appeals reversed the conviction and remanded the cause, holding that the trial court erred when it admitted the breath test because the state failed to establish a foundation for the test result and failed to introduce expert testimony to explain the significance of a test result that is below the statutory *per se* level. Finding its decision to be in conflict with the decision of the Ninth District Court of Appeals in *State v. Dvorak* (1989), 65 Ohio App.3d 44, 582 N.E.2d 1027, the appellate court certified the record of the case to this court for review and final determination.

———————————

*Michael F. Sheils*, Chief Prosecuting Attorney, and *Kathryn A. Reckley,* Assistant Prosecuting Attorney, for appellant.

*James D. Marshall*, Clark County Assistant Public Defender, for appellee.

*Betty D. Montgomery*, Attorney General, *Richard A. Cordray*, State Solicitor, and *Simon B. Karas*, Deputy Chief Counsel, urging reversal for amicus curiae, Ohio Attorney General.

———————————

**MOYER, C.J.**

{¶ 8} The issue certified to this court by the Second District Court of Appeals is "whether a challenge to the results of a breath alcohol test on the basis of failure to comply with regulations of the Ohio Department of Health may be raised by a criminal defendant in the form of an objection to the admissibility of that test result during the course of trial, when the defendant has not moved to suppress the test result upon that ground before trial." For the reasons that follow, we hold that a defendant who does not object to the admissibility of a breath-alcohol test through a pretrial motion to suppress on the basis of a failure by the state to comply with Ohio Department of Health regulations may not object to the admissibility of the test results at trial on those grounds.

{¶ 9} Crim.R. 12(B), which addresses pretrial motions, provides:

"(B) Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:

"* * *

"(3) Motions to suppress evidence * * * on the ground that it was illegally obtained.***"

{¶ 10} The purpose and effect of a motion to suppress and a motion *in limine* are distinct. A "motion to suppress" is defined as a "[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation, etc.), of U.S. Constitution." Black's Law Dictionary (6 Ed. 1990) 1014. Thus, a motion to suppress is the proper vehicle for raising constitutional challenges based on the exclusionary rule first enunciated by the United States Supreme Court in *Weeks v. United States* (1914), 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, and made applicable to the states in *Mapp*

4

*v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. Further, this court has held that the exclusionary rule will not ordinarily be applied to suppress evidence which is the product of police conduct that violates a statute but falls short of a constitutional violation, unless specifically required by the legislature. *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 235, 18 O.O.3d 435, 437, 416 N.E.2d 598, 600. An important characteristic of a motion to suppress is that finality attaches so that the ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state. R.C. 2945.67(A); Crim.R. 12(J); see, also, *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141.

**{¶ 11}** A "motion *in limine*" is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury." Black's Law Dictionary, *supra*, at 1013. The purpose of a motion in limine "is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error." *Id.* at 1013-1014. See *State v. Maurer* (1984), 15 Ohio St.3d 239, 259, 15 OBR 379, 396, 473 N.E.2d 768, 787.

**{¶ 12}** A ruling on a motion *in limine* reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus, "the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted." *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 35, citing *State v. Grubb* (1986), 28 Ohio St.3d 199, 201-202, 28 OBR 285, 288, 503 N.E.2d 142, 145.

**{¶ 13}** Confusion and inaccuracy may arise, however, because a motion *in limine* may be used in two ways. It may be used as a preliminary means of raising

objections to *evidentiary issues* to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined outside the presence of the jury. It may also be used as the *functional equivalent* of a motion to suppress evidence that is either not competent or improper due to some unusual circumstance not rising to the level of a constitutional violation. Palmer, Ohio Rules of Evidence, Rules Manual (1984) 446, cited in *State v. Maurer*, *supra*, 15 Ohio St.3d at 259, 15 OBR at 396-397, 473 N.E.2d at 787, fn. 14.

{¶ 14} It is true that a subtle distinction exists between the exclusionary rule, which is relied upon when evidence is improperly seized, and the Rules of Evidence, which generally apply to procedural questions concerning the admissibility of evidence at trial. Moreover, challenges to the admissibility of chemical test results on the basis of noncompliance with Department of Health testing regulations do not present a question of constitutional magnitude. However, "[t]he traditional distinction between a motion to suppress based upon a constitutional challenge and a motion in limine does not work as a bright-line rule where the motion to suppress is directed to breathalyzer test results based on a failure to comply with ODH regulations." *Defiance v. Kretz*, *supra*, 60 Ohio St.3d at 4, 573 N.E.2d at 35.

{¶ 15} In holding at the syllabus that "[a] motion to suppress is a proper pretrial procedure for challenging breathalyzer test results when the defendant is charged with a violation of R.C. 4511.19(A)(3)," the *Kretz* court noted that the intent of the Rules of Criminal Procedure "is to determine matters before trial when possible."[1] *Id.* at 4, 573 N.E.2d at 34. This policy "applies not only to constitutional issues but also to non-constitutional claims capable of determination without a trial

---

1. Crim.R. 1(B) provides that "[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay."

on the general merits." *State v. Ulis* (1992), 65 Ohio St.3d 83, 85, 600 N.E.2d 1040, 1041-1042.

{¶ 16} It is well established that in a charge of violating R.C. 4511.19(A)(2) through (4) "[t]he accuracy of the test results is a critical issue in determining a defendant's guilt or innocence." *Kretz*, *supra*, 60 Ohio St.3d at 3, 573 N.E.2d at 34. Although the admissibility of test results turns on substantial compliance with ODH regulations rather than compliance with the Constitution, this court determined in *Kretz* and *Ulis* that a ruling on a motion to suppress challenging the admissibility of a BAC test is not a preliminary ruling on an evidentiary matter. Rather, pursuant to Crim.R. 12(B)(3), challenges to the state's compliance with statutory and ODH regulations in a charge under R.C. 4511.19(A)(2) through (4) must be made in a pretrial motion to suppress, or such challenges are considered waived.

{¶ 17} The reasoning behind this court's decisions in *Kretz* and *Ulis* causes us to conclude that a challenge to the compliance with ODH regulations in a charge under R.C. 4511.19(A)(1) is no different. Although the test results, if probative, are merely an additional factor to be considered along with all other evidence of impaired driving in a prosecution for this offense, *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 104, 532 N.E.2d 130, 134, the procedures used to obtain the test results are the same, as are the requirements for its admissibility.[2] Thus, in the context of R.C. 4511.19, a motion to suppress on grounds that the evidence was "illegally obtained" encompasses both constitutional and statutory violations. The policy of

2. R.C. 4511.19(D) provides:

"In any criminal prosecution for a violation of this section, *** the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation.

"***

"Such bodily substances shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code."

early determination applies equally, as does the mandatory language of Crim.R. 12(B)(3).

{¶ 18} Therefore, because Crim.R. 12(B)(3) applies to all charges under R.C. 4511.19, a defendant charged under R.C. 4511.19(A)(1) through (4) who does not challenge the admissibility of the chemical test results through a pretrial motion to suppress waives the requirement on the state to lay a foundation for the admissibility of the test results at trial. The chemical test result is admissible at trial without the state's demonstrating that the bodily substance was withdrawn within two hours of the time of the alleged violation, that the bodily substance was analyzed in accordance with methods approved by the Director of Health, and that the analysis was conducted by a qualified individual holding a permit issued by the Director of Health pursuant to R.C. 3701.143. (*Defiance v. Kretz* [1991], 60 Ohio St.3d 1, 573 N.E.2d 32, approved; *Cincinnati v. Sand* [1975], 43 Ohio St.2d 79, 72 O.O. 2d 44, 330 N.E.2d 908, modified.) This does not mean, however, that the defendant may not challenge the chemical test results at trial under the Rules of Evidence. Evidentiary objections challenging the competency, admissibility, relevancy, authenticity, and credibility of the chemical test results may still be raised.

{¶ 19} In the case before us, French was charged under R.C. 4511.19(A)(1). A review of the record shows that French failed to make a motion to suppress the test results pursuant Crim.R. 12(B)(3). Therefore, French waived the state's burden to lay a foundation establishing substantial compliance with statutory and Department of Health Regulations.

{¶ 20} The second issue is whether, in a charge under R.C. 4511.19(A)(1), expert testimony is required to explain the significance of a legally obtained breathalyzer test result that is below the *per se* level. We hold that it is.

{¶ 21} This court has previously held that when introducing a legally obtained breathalyzer test result below .10 into evidence in prosecutions under R.C.

4511.19(A)(1), the state must present expert testimony "to relate the numerical figure representing a percentage of alcohol by weight in the bodily substance, as shown by the results of the chemical test, to the common understanding of what it is to be under the influence of alcohol." *Newark v. Lucas*, *supra*, 40 Ohio St.3d at 105, 532 N.E.2d at 134, citing *State v. Myers* (1971), 26 Ohio St.2d 190, 198, 55 O.O.2d 447, 452, 271 N.E.2d 245, 251.

{¶ 22} As discussed *supra*, in a charge under R.C. 4511.19(A)(1), the chemical test result is not dispositive of guilt, but merely constitutes some evidence to consider, if probative, in addition to all other evidence regarding the conduct of the defendant. Clearly, without expert testimony, prejudice could result from a jury giving too much weight to the test result itself rather than focusing on the critical issue of the defendant's conduct.

{¶ 23} In the instant case, the prosecution failed to introduce expert testimony to explain the significance of French's BAC test result. In view of the contradictory testimony in the record, we conclude that the trial court committed reversible error by allowing the actual numerical figure of the BAC test to be introduced into evidence in the absence of expert testimony explaining the significance of the figure.

{¶ 24} Accordingly, we affirm the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed.*

DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., concurs in judgment only.

—————————————