DECISION AND JUDGMENT ENTRY
This is an appeal from a Circleville Municipal Court judgment of conviction and sentence. The trial court found Angela M. Shaffer, defendant below and appellant herein, guilty of operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A)(3).[1]
Appellant raises the following assignment of error:
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."
In the early morning hours of May 5, 2001, appellant was involved in an automobile accident. Appellant was driving her friend's vehicle southbound on Route 23 in Pickaway County when her vehicle collided into the rear of a tractor trailer truck. Appellant then pulled her friend, who was sitting in the passenger seat, from the vehicle and called 911.
The Pickaway County Sheriff's Department received the 911 call at 2:11 a.m. Pickaway County Sheriff's Deputy Brian Greiner arrived on the scene at 2:13 a.m. The deputy spoke with appellant and appellant admitted that she had been driving the vehicle. The deputy also spoke with other people who had witnessed the accident.
At 3:18 a.m., Deputy Greiner administered a breath test to appellant. The breath test indicated a breath alcohol concentration of .129% per 210 liters of breath. Appellant also signed a voluntary statement:
"I was driving [the] car South on 23 just passed [sic] Dupont. Amanda was the passenger. I came through the green light at Dupont, heading South on St. Rt. 23. A tractor trail[e]r was in the right lane. I was in the left lane. After going though the green light, I know that we stopped suddenly when we collided with the tractor trail[e]r, on the passenger side of Amanda's car. I got out of the driver's side, [and] went to the passenger side of the vehicle. I couldn't get Amanda out of the passenger side. There was smoke and I feared that the car was on fire in the engine. I pulled Amanda out of the driver's side and laid her on the ground. I called 911 from my cell phone and waited for help."
Appellant subsequently was charged with operating a motor vehicle while under the influence of alcohol.
Appellant filed a motion to suppress evidence and argued that the breath test was administered in violation of R.C. 4511.19(D)(1),[2] as it was not administered within the two hour window. At the motion hearing, Deputy Greiner testified that he established the time of accident by referring to the time of the 911 call. No other witnesses testified as to the time of the accident. The state did not call any of the witnesses who Deputy Greiner interviewed following the accident to establish the time of the accident.
On August 30, 2001, the trial court denied appellant's motion to suppress evidence. The court found that appellant called 911 "immediately after the accident." The court noted that the 911 call was received at 2:11 a.m. and that the breath test was administered at 3:18 a.m. The court thus concluded that the breath test was given to appellant within the required two hour period of time. Appellant then entered a no contest plea and the court found her guilty as charged. Appellant filed a timely notice of appeal.
Before we address appellant's assignment of error, we first consider appellee's argument that appellant's motion to suppress the results of the breath test is actually a motion in limine. Appellee asserts that because appellant's motion is a motion in limine, appellant, by pleading no contest, failed to preserve the error. We disagree with appellee.
In State v. French, 72 Ohio St.3d 446, 451, 1995-Ohio-32, 650 N.E.2d 887, the Ohio Supreme Court specifically held that "pursuant to Crim.R. 12(B)(3), challenges to the state's compliance with statutory and ODH regulations in a charge under R.C. 4511.19(A)(2) through (4) must be made in a pretrial motion to suppress, or such challenges are considered waived."
Consequently, we disagree with appellee that appellant's motion to suppress evidence actually was a motion in limine and that, as such, appellant failed to preserve the issue by entering a no contest plea.
In her sole assignment of error, appellant argues that the trial court erred by overruling her motion to suppress the results of the breath test. In particular, appellant contends that the trial court improperly concluded that the state demonstrated that the test was administered within two hours of the alleged R.C. 4511.19(A)(3) violation. Appellant asserts that no competent, credible evidence exists to support the trial court's finding that the test occurred within the two hour window. Appellant claims that the circumstantial evidence that the 911 call was received at 2:11 a.m. is, standing alone, insufficient to establish the time at which the accident occurred.
Initially, we note that appellate review of a trial court's decision regarding a motion to suppress evidence involves a mixed question of law and fact. See State v. Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. When ruling on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See State v. Fanning
(1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583; State v. Dunlap,73 Ohio St.3d 308, 314, 1995-Ohio-243, 652 N.E.2d 988. Accordingly, a reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings. See State v. Smith, 80 Ohio St.3d 89, 105, 1997-Ohio-355,684 N.E.2d 668; Long, supra; State v. Medcalf (1996), 111 Ohio App.3d 142,675 N.E.2d 1268. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Long; State v.Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; State v. Fields
(Nov. 29, 1999), Hocking App. No. 99 CA 11. See, generally, Ornelas v.United States (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911;State v. Wise (Sept. 12, 2001), Summit App. No. 20443.
"In a criminal prosecution for violation of R.C. 4511.19(A)(3) * * * the results of a properly administered bodily substances test may be admitted into evidence only if the bodily substance is withdrawn within two hours of the time of the alleged violation." Newark v. Lucas (1988),14 Ohio St.3d 100, 104. Test results obtained more than two hours from the alleged violation must be excluded from evidence in a prosecution under R.C. 4911.19(A)(3), because "[t]he results of such tests and their accuracy are crucial to a determination of guilt or innocence."[3] Id. at 103-04. Thus, if the prosecution fails to satisfy the pertinent foundational requirements for the admission of an alcohol test, the test result is inadmissible. See Lucas; Aurora v. Kegley (1979),60 Ohio St.2d 73, 397 N.E.2d 44.
Appellant asserts that her breath alcohol test does not satisfy the two-hour foundational requirement. Before a trial court determines whether certain evidence is admissible, the court must be satisfied that the proffering party has proven the fundamental requirements by a preponderance of the evidence. See Bourjaily v. United States (1987),483 U.S. 171, 97 L.Ed.2d 144, 107 S.Ct. 2775;[4] State v. Canalow (June 26, 1991), Athens App. No. 1442; State v. Darst (Sept. 2, 1997), Athens App. No. 97CA15; State v. Gibson (Dec. 31, 1987), Marion App. No. 9-86-9;State v. Konicek (Dec. 24, 1990), Ross App. No. 1629. Furthermore, we must bear in mind that the decision to admit or to exclude evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343; State v. Hymore (1967),9 Ohio St.2d 122, 224 N.E.2d 126. The trial judge must decide those questions of fact in order to determine whether certain evidence should be deemed to be admissible evidence. Potter v. Baker (1955),162 Ohio St. 488, 124 N.E.2d 140; Evid.R. 104(A).
Many courts have addressed the two hour alcohol test requirement in the context of traffic accidents. In State v. Fowler (Apr. 7, 2000), Clark App. No. 99-CA-57, the court determined that the state established that the breath test was administered within the two hour window. In Fowler, the officer was dispatched to the scene of an accident at 4:36 p.m. and arrived at the scene within ten or eleven minutes. A breathalyzer was administered to the defendant at 5:48 p.m.
In affirming the judgment of conviction, the court of appeals noted that: (1) the officer stated that he believed the accident occurred at 4:35 p.m.; (2) the officer observed that the defendant's vehicle was still warm when he arrived; (3) the officer stated that the defendant's vehicle apparently had just been driven because it was sitting in the middle of the intersection; (4) the officer interviewed witnesses to determine the time of the accident; (5) the other drivers involved in the accident stated that the accident had occurred within a minute or two; and (6) the witnesses stated that the accident occurred around 4:35 p.m. Additionally, the court noted that the accident occurred on a busy road and that any accident would have been reported within a short period of time.
In State v. Cady (Apr. 5, 1999), Warren App. No. CA97-09-102, the court of appeals found that a breath test administered to the defendant at 1:57 a.m. fell within the two hour window when the evidence revealed that: (1) the officer was dispatched at 12:31 a.m.; (2) the officer arrived on the scene at 12:45 a.m.; and (3) a witness stated that he heard tires spinning at approximately 12:15 a.m.
In State v. Huntington (Feb. 27, 1997), Athens App. No. 96 CA 1740, this court concluded that the state failed to establish that the breathalyzer test was administered within the two hour window. InHuntington, at 2:54 a.m. police officers received an accident report. An officer arrived on the scene at 2:56 a.m. During questioning, the defendant admitted that he had been driving the vehicle and that the accident occurred about five minutes prior to the officer's arrival on the scene. At 3:35 a.m., the officer administered a breath test. In determining that the state failed to demonstrate that the breath test was administered within the two hour time limit, we noted that the defendant's statement regarding the time of the accident was obtained in violation of Miranda, and thus inadmissible. We stated that without the defendant's statement, no evidence existed to establish the time of the accident.
In State v. Anderson (Mar. 31, 2000), Ottawa App. No. OT-99-059, the court concluded that the state failed to establish that the breath test was administered within the two hour window. In Anderson, the Ohio State Highway Patrol dispatched the call at 12:50 a.m. A trooper arrived at the scene of the accident at 12:59 a.m. The defendant stated that the accident occurred at 1:00 a.m., but the crash report indicated that the accident occurred at 12:48 a.m. The trooper who authored the crash report testified that he did not know the exact time of the accident. A breath test was administered at 2:46 a.m. Because the trooper could not accurately state when the accident occurred, and because the test was administered only four minutes prior to the expiration of the two-hour limit (assuming that the accident occurred at 12:48 a.m.) the court of appeals determined that the state failed to establish that the test was administered within the two hour window.
We believe that in the case at bar the trial court had before it sufficient, albeit less than overwhelming, evidence from which to infer that appellant reported the accident to the authorities within a very short period of time after the accident. Thus, appellant's breath alcohol test was administered well within the two hour time limit. The trial court could properly infer from appellant's own statement that she notified the authorities very shortly after the accident occurred. In light of the fact that appellant's breath alcohol test occurred sixty seven minutes after the 911 call, the trial court could properly conclude that appellant "operated" her vehicle within the fifty three minute time frame. Consequently, we conclude that the trial court did not abuse its discretion by deciding to admit the alcohol test results into evidence. We again note that the preponderance of the evidence standard applies to the issues in the instant case (i.e. evidence admissibility issues), and not a more stringent standard.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[1] R.C. 4511.19(A)(3) provides:
 (A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
* * *
 (3) The person has a concentration of ten-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath;
[2] R.C. 4511.19(D)(1) requires a breath test to be performed within two hours of the alleged R.C. 4511.19(A)(3) violation.
[3] We note that breath tests that are inadmissible in a prosecution involving R.C. 4511.19(A)(3) may be admissible in a prosecution involving R.C. 4511.19(A)(1). In Lucas, the court explained the reasoning as follows:
 "In prosecutions for violations of [R.C. 4511.19(A)(1)], the amount of alcohol found as a result of the chemical testing of bodily substances is only of secondary interest. See Taylor, Drunk Driving Defense (2 Ed. 1986) 394, Section 6.0.1. The defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle is at issue in the prosecution of a defendant under such section. It is the behavior of the defendant which is the crucial issue. The accuracy of the test is not the critical issue as it is in prosecutions for per se violations. Furthermore, the statutory presumptions * * * no longer exist. Thus, no presumptive weight can be given to the test results under these sections. The test results, if probative, are merely considered in addition to all other evidence of impaired driving in a prosecution for this offense.
 In light of the fact that no presumptive weight is given to the test results under R.C. 4511.19 and because those results are not dispositive to a determination of innocence or guilt under R.C. 4511.19(A)(1), we refuse to read R.C. 4511.19(B) in an exclusionary manner in prosecutions for violations of R.C. 4511.19(A)(1) with regard to the admission of test results of bodily substances withdrawn more than two hours after the time of the alleged violation. As stated above, R.C. 4511.19(B) * * * do[es] not, standing alone, exclude evidence of chemical test results. Furthermore, the fact that a bodily substance is withdrawn more than two hours after the time of the alleged violation does not, by itself, diminish the probative value of the test results in an R.C. 4511.19(A)(1) prosecution.
40 Ohio St.3d at 104.
[4] In Bourjaily at 483 U.S. 175 the United States Supreme Court stated:
 "We are therefore guided by our prior decisions regarding admissibility determinations that hinge on preliminary factual questions. We have traditionally required that those matters be established by a preponderance of proof. * * * Thus, the evidentiary standard is unrelated to the burden of proof on the substantive issues, be it a criminal case * * * or a civil case."