{¶ 20} I respectfully dissent from the decision reached by the majority in this case.
 {¶ 21} In a prosecution for driving under the influence of alcohol, the state is entitled to introduce evidence of blood tests to prove a defendant's intoxication. Pursuant to R.C.4511.19(D)(1), "the court may admit evidence on [sic] the concentration of alcohol * * * in the defendant's * * * blood" where the blood sample has been "analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director pursuant to section 3701.143 of the Revised Code." The procedures for collecting samples of blood and other bodily substances are contained in Ohio Admin. Code 3701-53-05. The procedures for testing blood and other bodily substances are described in Ohio Admin. Code 3701-53-03(A). The required qualifications of laboratory personnel and the laboratory itself are contained in Ohio Admin. Code 3701-53-07(A) and 3701-53-06(A), respectively.
 {¶ 22} The majority, relying on the Ohio Supreme Court's decision in State v. Mayl, 106 Ohio St.3d 207, 2005-Ohio-4629, argues that the prosecution bore the burden of complying with these provisions of Ohio's Administrative Code. Id. at ¶ 42, citing State v. French, 72 Ohio St.3d 446, 452, 1995-Ohio-32. I disagree.
 {¶ 23} Properly construed, the provision in R.C.4511.19(D)(1) requiring compliance with approved methods for analyzing blood samples only applies to blood tests conducted at the request of law enforcement officers. Id. at ¶ 76 (Resnick, J., dissenting) (citation omitted). By its own terms, R.C.4511.19(D)(1) applies "[w]hen a person submits to a blood test at the request of a law enforcement officer under section 4511.191
of the Revised Code * * *." Therefore, this statute has no relevance where blood is drawn by medical personnel for medical reasons and only obtained by officers through a written request for records pursuant to R.C. 2317.02(B)(2). Id. at ¶ 78.
 {¶ 24} This conclusion is also supported by the legislative history of these provisions. "R.C. 4511.19(D)(1) predates R.C.2317.02(B) and 2317.022 and is superseded by those statutes when a blood test that was conducted for medical treatment is offered into evidence. * * * [I]n particular, R.C. 2317.02(B)(2)(b), * * * specifically authorizes a trial court to admit medical-test results into evidence, with no reference to the limitations of R.C. 4511.19(D)(1). In other words, R.C. 4511.19(D)(1) appliesonly when a test is requested by a law-enforcement officer pursuant to R.C. 4511.191, as * * * R.C. 4511.19(D)(1) makes clear." Id. at ¶ 79 (emphasis sic) (footnote omitted).
 {¶ 25} For the foregoing reasons, the prosecution was not required to introduce evidence of compliance with the requirements of Ohio Admin. Code Chapter 3701-53 and Cull's medical records are admissible pursuant to R.C. 2317.02(B)(2). Cull's sole assignment of error is without merit. I would affirm the decision denying Cull's motion to suppress his blood-alcohol test results.