OPINION
{¶ 1} This is an appeal from Appellant Colin R. Schlegel's conviction and sentence on one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. §4511.19(A)(3) and one count of Driving on a Suspended Operator's License, in violation of R.C. 4507.02(B)(1).
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The undisputed facts are as follows:
 {¶ 4} On May 25, 2003, Appellant Colin R. Schlegel was stopped by the Perry Township Police Department for speeding. A portable breath test was administered at the time of the stop with a result of .45. Appellant also performed field sobriety tests at the scene, passing the one leg stand and walk and turn tests but exhibiting six clues on the HGN test. Appellant was arrested and charged with Driving Under the Influence of Alcohol/Drug of Abuse, Driving on a Suspended Operator's License, Giving False Information to a Police Officer, Speeding and No Seat Belt.
 {¶ 5} The police transported Appellant to the Perry Township Police Department where Appellant submitted to a chemical breath test. Appellant blew into the BAC Data Master, producing a result of .151 grams of alcohol per 210 liters of breath.
 {¶ 6} An Air Blank Test was performed before and after Appellant's test as required by the Ohio department of Health. The first test registered a reading of .000. The subsequent test, however, registered a reading of .005.
 {¶ 7} At his arraignment on May 28, 2003, Appellant entered pleas of not guilty to all charges.
 {¶ 8} On July 24, 2003, Appellant filed a Motion to Suppress, arguing that the BAC test registered results outside of the allowable margin of error mandated by the Ohio Department of Health.
 {¶ 9} On July 29, 2003, the trial court denied Appellant's Motion to Suppress.
 {¶ 10} On October 1, 2003, Appellant entered a plea of no contest to the violation of R.C. § 4511.19(A)(3) and the violation of R.C. 4507.02(B)(1), with the other charges being dismissed on the motion of the State.
 {¶ 11} Based on his plea of no contest, the trial court found Appellant guilty and sentenced him to 180 days in jail, with 30 days to be served in Jail AOD program, 60 days to be served on house arrest and 90 days suspended. Appellant's driver's license was suspended for five (5) years and he was assessed a fine of $1,250, and ordered to complete 100 hours of community service.
 {¶ 12} It is from this conviction and sentence Appellant appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 13} "The trial court erred in overruling defendant's motion to suppress all evidence resulting from a breath alcohol concentration test conducted on May 25, 2003."
 I. {¶ 14} In his sole assignment of error, Appellant argues that the trial court erred in denying her motion to suppress asserting that the State did not substantially comply with the Ohio Department of Health regulations. We agree.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93,96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; Statev. Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 16} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 17} Before the results of a breathalyzer test may be admitted into evidence, the State must show (1) the instrument was in proper working order; (2) its operator had the proper qualifications to conduct the test; and (3) the test was conducted in substantial compliance with the Ohio Department of Health regulations. See: Cincinnati v. Sand (1975),43 Ohio St.2d 79, 330 N.E.2d 908; Newark v. Lucas (1988),40 Ohio St.3d 100, 532 N.E.2d 130. When a motion to suppress is predicated on non-compliance with Department of Health regulations, the burden is on the State to prove compliance with said regulations. See:State v. Crowder and Wright (Nov. 30, 1995), Morgan App. Nos.CA-95-14 and CA-95-15, unreported.
 {¶ 18} The Ohio Supreme Court, in State v. Plummer (1986),22 Ohio St.3d 292, syllabus, held that absent a showing of prejudice to a defendant, the results of an alcohol test administered in "substantial compliance" with the Ohio Department of Health regulations governing alcohol testing are admissible in evidence for prosecution of a case under R.C. 4511.19. The Ohio Supreme Court has consistently held that substantial compliance with pertinent regulations resolves the issue of the admissibility of the BAC test result. Defiance v. Kretz (1991),60 Ohio St.3d 1; Plummer, supra; State v. Dickerson (1986),25 Ohio St.3d 64; State v. Steele (1977), 52 Ohio St.2d 187.
 {¶ 19} Appellant submits, and the State concedes, that the Department of Health Bureau of Alcohol and Drug Testing BAC Datamaster machine's training manual allows for a margin of error of no more than .003 on the second air blank test.
 {¶ 20} The State argues that absolute compliance with such regulation is not required for such results to be deemed admissible. They further argue the results of the second air blank tests should not invalidate the BAC results because the initial blank test registered .000, showing that no residual alcohol was in the machine prior to Appellant taking such BAC test.
 {¶ 21} Upon review, we find that the language contained in the manual with regard to the margin is mandatory language in that it states: "A second air blank test if performed showing that the sample has been purged out. The reading on the air blankmust be .003 or less." (emphasis added).
 {¶ 22} As the reading for the second air blank in the case sub judice was outside of the allowable margin of error, we must assume that the machine was not functioning properly according the guidelines provided by the Ohio Department of Health. Based on such irregularity, such test results must necessarily be thrown out as such does not comply with the mandatory regulations.
 {¶ 23} We find that the trial court erred in failing to suppress the BAC test results as such were not administered in accordance with Department of Health Regulations.
 {¶ 24} We find the evidence and testimony introduced by the State of Ohio does not constitute competent, credible evidence to meet its burden of proving compliance with the ODH regulations. Officer Barker admitted that he had never before seen a blank test that registered as high as .005. (T. at 23). We find the testimony of Officer Barker that the subsequent .005 reading did not affect the validity of the test to be pure speculation and insufficient to support the trial court's decision. (T. at 17).
 {¶ 25} Based on the foregoing, we find Appellant's sole assignment of error well-taken and sustain same.
 {¶ 26} The decision of the Massillon Municipal Court is reversed and remanded for proceedings consistent with this opinion.
Boggins, J., Farmer, P.J. and Wise, J. concurs.