[Cite as *In re Minnick*, 2009-Ohio-5274.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

**IN THE MATTER OF:**

    **JACOB MINNICK,**

**ALLEGED JUVENILE TRAFFIC
OFFENDER - APPELLANT.**

**CASE NO. 15-09-06**

**O P I N I O N**

Appeal from Van Wert County Common Pleas Court
Juvenile Division
Trial Court No. 20900027

**Judgment Affirmed**

**Date of Decision:    October 5, 2009**

**APPEARANCES:**

    *Scott R. Gordon*  **for Appellant**

    *Eva J. Yarger*  **for Appellee**

**SHAW, J.**

{¶1} Appellant, Jacob Minnick, appeals the April 16, 2009 judgment of the Court of Common Pleas, Juvenile Division, of Van Wert County, Ohio, adjudicating him a juvenile traffic offender for having committed the offense of operating a motor vehicle while intoxicated in violation of R.C. 4511.19(B)(3). Minnick asserts as error the March 20, 2009 judgment of the trial court overruling his motion to suppress the results of the BAC Datamaster test.

{¶2} The facts relevant to this appeal are as follows. On February 15, 2009, at 3:15 a.m., Sergeant Brad Wisener of the Van Wert County Sheriff's Department stopped a 1991 Honda four-door vehicle driven by Minnick for having no illumination on his rear license plate. Upon approaching the driver's side of the vehicle, Sgt. Wisener detected a strong odor of alcohol coming from the vehicle. He ordered the four occupants, including Minnick, to exit the vehicle. Minnick and the owner of the vehicle, Matthew Brown, went to the rear of the vehicle and showed the officer that the license plate light was working. However, the plate was not illuminated because the light was obscured by mud.

{¶3} Sgt. Wisener had Minnick sit in his patrol car while he ran Minnick's and the other occupants' information to check for warrants and valid licenses. During this time in the car, the officer detected a strong odor of alcohol coming from Minnick and that his speech was slurred. When asked about

drinking, Minnick stated that he had "sips of alcohol." (Mtn. Hrg., 3/20/09, p. 7.) After Sgt. Wisener completed his license and warrant checks, he had Minnick perform field sobriety tests. Thereafter, Minnick was transported to the Ohio State Highway Patrol office where he was administered a BAC Datamaster test at 5:03 a.m. Minnick's BAC test result was .077.

{¶4} Minnick was charged with two traffic offenses: driving a vehicle under the influence in violation of R.C. 4511.19(B)(3) and a probationary license violation for driving between the hours of midnight and 6:00 a.m. in violation of R.C. 4507.071(B). These charges were assigned Case Number 20900027. Sgt. Wisener also charged Minnick with delinquency for underage consumption in violation of R.C. 4301.69(E). This charge was assigned Case Number 20910028.

{¶5} On March 4, 2009, counsel for Minnick filed a motion to suppress various pieces of evidence in both cases, including the results of the BAC Datamaster test. A hearing was held on this motion on March 20, 2009. At the onset of this hearing, the trial court stated that the purpose of the hearing was to address Minnick's motion to suppress the evidence "and the reason basically set forth in the Memorandum claiming that there's no probable cause to stop." (Mtn. Hrg., 3/20/09, p. 1.) Both parties then presented the testimony of one witness each. Sgt. Wisener testified on behalf of the State, and Minnick testified on his own behalf.

**{¶6}** At the conclusion of the evidence, counsel for Minnick was permitted to present an argument in support of his motion. During this argument, Minnick's counsel requested that the court suppress the BAC Datamaster test results because the State failed to present evidence establishing that the machine was in proper working condition and that the administering officer was certified to conduct such a test. After hearing the prosecution's argument on the motion, the trial court proceeded to find that Sgt. Wisener had sufficient grounds to stop Minnick. The court also concluded that the field sobriety tests should be suppressed because the State failed to provide evidence that they were conducted in strict compliance with the applicable standards. However, the court overruled the request by Minnick's counsel to suppress the results of the BAC Datamaster due to non-compliance with the applicable standards because the court found that this issue was not raised in Minnick's motion.

**{¶7}** On April 16, 2009, Minnick withdrew his previously tendered denial of all three offenses and entered a no contest plea on all three offenses. The State then read the facts into the record, and the court found Minnick to be a juvenile traffic offender for the two traffic offenses and a delinquent for the underage consumption offense. Minnick was then fined, assessed court costs, and his license was suspended for six months.

{¶8} This appeal followed, and Minnick now asserts one assignment of error.[1]

**THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE RESULTS OF A BAC DATAMASTER TEST EVEN THOUGH THE DEFENDANT CITED CONCERNS OVER MISSING ELEMENTS OF THE EVIDENTIARY FOUNDATION AND AFTER WHICH THE STATE FAILED TO CARRY ITS AFFIRMATIVE BURDEN IN ESTABLISHING THAT THE TEST WAS ADMINISTERED WITHIN THE PRESCRIBED GUIDELINES.**

{¶9} An appellate court's review of a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 797 N.E.2d 71, 2003-Ohio-5372, at ¶ 8. We must accept the trial court's findings of fact as true if they are supported by competent and credible evidence. *Id.*, citing *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. However, with respect to the trial court's findings of law, we must apply a de novo standard of review and decide, "whether the facts satisfy the applicable legal standard." *Burnside*, at ¶ 8, citing *State v. McNamara* (1997), 124 Ohio App.3d 706, 710, 707 N.E.2d 539.

{¶10} To challenge the admissibility of an alcohol test, "[t]he defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress; failure to file such a motion 'waives the requirement on the state to lay a

---

[1] In Case Number 20910028, underage consumption, Minnick was ordered to attend Project Choice, to pay for this course, perform twelve hours of community service, and pay court costs. Minnick did not appeal this adjudication of delinquency, and thus, we only address the issue of the BAC Datamaster as it relates to the OVI charge.

foundation for the admissibility of the test results.'" *Burnside*, at ¶ 24, quoting

*State v. French* (1995), 72 Ohio St.3d 446, 451, 650 N.E.2d 887.

> **The chemical test result is admissible at trial without the state's demonstrating that the bodily substance was withdrawn within two hours of the time of the alleged violation, that the bodily substance was analyzed in accordance with methods approved by the Director of Health, and that the analysis was conducted by a qualified individual holding a permit issued by the Director of Health pursuant to R.C. 3701.143. (*Defiance v. Kretz* [1991], 60 Ohio St.3d 1, 573 N.E.2d 32, approved; *Cincinnati v. Sand* [1975], 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908, modified.) This does not mean, however, that the defendant may not challenge the chemical test results at trial under the Rules of Evidence. Evidentiary objections challenging the competency, admissibility, relevancy, authenticity, and credibility of the chemical test results may still be raised.**

*French*, 72 Ohio St.3d at 452, 650 N.E.2d 887. Only after the accused raises a challenge to the validity of test results in a pretrial motion, does the state have the burden to show that the test was properly administered. See *Burnside*, at ¶ 24.

{¶11} Criminal Rule 47 requires that "[a] motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." In keeping with this rule, the Ohio Supreme Court has held that "the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." *State v. Shindler* (1994), 70 Ohio St.3d 54, syllabus, 636 N.E.2d 319.

{¶12} While courts vary in their determinations as to what constitutes "sufficient particularity," at a minimum, an accused is required to identify some section of the Ohio Administrative Code that is implicated and/or make some sort of assertion that the State failed to follow the proper standards in administering the breath test. See *id.* (holding that a virtual copy of the sample motion to suppress contained in Ohio Driving Under the Influence Law (1990) 136-137, Section 11.16, a legal handbook, that listed numerous allegations of violations of the OAC by the State and provided the cite to the implicated OAC section was stated with sufficient particularity); *State v. Yeaples*, 180 Ohio App.3d 720, 907 N.E.2d 333, 2009-Ohio-184, at ¶ 14 (holding that a motion originally containing twenty alleged violations of the OAC, narrowed into ten allegations at the suppression hearing, that included the specific OAC section and sub-section at issue was stated with sufficient particularity); *Norwood v. Kahn*, 1st Dist. Nos. C-060497, C-060498, and C-060499, 2007-Ohio-2799 (finding that a motion containing a general allegation of non-compliance by the State and a listing of applicable OAC sections alleged to have been violated was stated with sufficient particularity).

{¶13} In the case sub judice, Minnick's motion states that he is moving "for a suppression of the evidence obtained by the Van Wert County Sheriff's Department from the warrantless seizure of the Defendant[.]" The motion then proceeds to list five particular items of evidence that he is requesting be

suppressed, including the results of the BAC Datamaster. Minnick also attached a memorandum in support of his motion to suppress. The bulk of this motion discussed the law surrounding the suppression of evidence flowing from an illegal stop, detention, and/or arrest. The motion also alleged that the field sobriety tests were not done in strict compliance with the applicable standards and were inadmissible. In conclusion, Minnick's motion reads: "Based upon the foregoing the Defendant asserts that there was not sufficient evidence to warrant the administration of the field sobriety tests, the portable breath test and the BAC Datamaster test."

{¶14} The only discussion in his motion in regards to the administration of the BAC Datamaster, other than stating that it was given and showed a result of .077, was Minnick's summary of the state of the law:

> **Before the results of an alcohol test given a defendant are admissible in evidence, it is incumbent upon the State to show that the instrument was in proper working order, that its manipulator had the qualifications to conduct the test, and that such test was made in accordance with the Ohio Department of Health Regulations, as well as the two hour testing limitation of R.C. 4511.19(D) [internal citations omitted].**

The motion contained no allegation that the State violated any one of these requirements nor was there any citation to a particular OAC section that was alleged to have been violated. Moreover, Minnick never requested in his motion that the results of the BAC Datamaster be suppressed because of non-compliance

with the OAC. Rather, Minnick simply made a blanket statement of what the law required the State to prove in order to admit the results in evidence and then requested that the BAC Datamaster results be suppressed *because there was not sufficient evidence to warrant Sgt. Wisener to administer this test.*

{¶15} Having failed to even allege that the administration of the BAC Datamaster was improperly conducted, the prosecution and the trial court were not placed on notice of such a challenge. To the contrary, Minnick's motion challenged the stop of the vehicle he was driving and any evidence resulting from this illegal stop, the manner in which the field sobriety tests were administered, and whether there was sufficient evidence to administer the subsequent tests. Thus, the prosecution and the trial court had some notice as to *these* issues but nothing which put either on notice of alleged non-compliance with the OAC standards for the administration and analysis of the BAC Datamaster.

{¶16} While there is no dispute that the only evidence presented as to the BAC Datamaster test was that Minnick was stopped at 3:15 a.m., the test was administered to him at 5:03 a.m. at a Highway Patrol post, and the result showed a .077 breath alcohol content, the State did not have a burden to show substantial compliance with the standards for the proper administration and analysis of the BAC Datamaster due to Minnick's failure to provide sufficient notice that he was challenging the administration of this test for non-compliance. As such, the trial

court did not err in overruling Minnick's oral request to suppress the results of the BAC Datamaster at the conclusion of the presentation of evidence. To hold otherwise thwarts the purpose of Crim.R. 12(C) and 47 to apprise the State and trial court of the grounds for the motion so that both may adequately prepare for the issues and allot the necessary time with which to conduct a hearing.

{¶17} For these reasons, the sole assignment of error is overruled, and the judgment of the Common Pleas Court, Juvenile Division, of Van Wert County, Ohio, is affirmed.

*Judgment Affirmed*

**WILLIAMOWSKI and ROGERS, J.J., concur.**

**/jlr**