[Cite as *State v. Ebersole*, 2012-Ohio-895.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                        |
|----------------------|---|--------------------------------|
| STATE OF OHIO        | : | Hon. W. Scott Gwin, P.J.       |
|                      | : | Hon. William B. Hoffman, J.    |
| Plaintiff-Appellee   | : | Hon. Julie A. Edwards, J.      |
|                      | : |                                |
| -vs-                 | : |                                |
|                      | : | Case No. 2011-CA-00215         |
| CHATHAM EBERSOLE     | : |                                |
|                      | : |                                |
| Defendant-Appellant  | : | O P I N I O N                  |

CHARACTER OF PROCEEDING:       Criminal appeal from the Canton Municipal
                               Court, Case No. 2011TRC4698

JUDGMENT:                      Reversed and Remanded

DATE OF JUDGMENT ENTRY:        March 5, 2012

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

BRANDEN PAXOS                       MICHAEL A. BOSKE
Assistant Canton City Prosecutor    122 Central Plaza North
218 Cleveland Avenue S.W., Ste. 700 Canton, OH 44702
Canton, OH 44701-4218

*Gwin, P.J.*

{¶ 1} Appellant, Chatham Ebersole, appeals a judgment of the Canton Municipal Court, Stark County, Ohio, overruling his motion to suppress.

{¶ 2} On June 18, 2011, appellant was cited by Trooper Evans of the Ohio State Highway Patrol following a traffic stop. Appellant was charged with one count of Operating a Motor Vehicle While under the Influence of Alcohol, a first-degree misdemeanor, and one count of Failure to Drive in a Marked Lane a minor misdemeanor.[1]

{¶ 3} On June 29, 2011, counsel for appellant filed a Demand for Discovery. On July 8, 2011, appellee filed its response to appellant's discovery request. This response was later supplemented by appellee on August 9, 2011.

{¶ 4} On July 26, 2011, appellant filed a Motion in Limine/Motion to Suppress. On July 27, 2011, the trial court issued a Judgment Entry overruling appellant's Motion in Limine/Motion to Suppress for failing to give sufficient notice of the specific legal and factual grounds for the motion. The trial court gave appellant fourteen days to supplement his motion.

{¶ 5} On August 4, 2011, appellant filed a Supplemental Motion to Suppress. On August 17, 2011 without a hearing, the trial court overruled appellant's supplemental motion.

---

[1] A Statement of the Facts underlying appellant's original stop are unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein.

**{¶ 6}** On September 14, 2011, the Appellant entered a plea of no contest and was sentenced to six (6) days in jail, twenty-five (25) hours community service and a six (6) month license suspension.

**{¶ 7}** Appellant has timely appealed raising as his sole assignment of error,

**{¶ 8}** "I. THE TRIAL COURT ERRED BY OVERRULING THE APPELLANT'S MOTION TO SUPPRESS WITHOUT A HEARING."

I.

**{¶ 9}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist.1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See B*urnside,* supra, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist 1997); See, generally, *United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo*

standard of review *Ornelas*, supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, supra at 698, 116 S.Ct. at 1663.

{¶ 10} In his sole assignment of error, appellant argues the trial court erred by overruling his Supplemental Motion to Suppress without a hearing on the basis that, on its face, the motion was insufficiently specific. We agree.

{¶ 11} "The defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress; failure to file such a motion 'waives the requirement on the state to lay a foundation for the admissibility of the test results.'" *Burnside* at ¶ 24, quoting *State v. French* (1995), 72 Ohio St.3d 446, 451, 650 N.E.2d 887. The motion to suppress must notify the state and the trial court of the issues to be determined by setting forth with sufficient particularity both the legal and factual bases for inadmissibility. *State v. Shindler*, 70 Ohio St.3d 54, 636 N.E.2d 319(1994); see, also, *State v. Price,* 11th Dist. No. 2007-G-2785, 2008-Ohio-1134, ¶ 22; *State v. Nicholson,* 12th Dist. No. CA2003-10-106, 2004-Ohio-6666, at ¶ 9.

> While courts vary in their determinations as to what constitutes 'sufficient particularity,' at a minimum, an accused is required to identify some section of the Ohio Administrative Code that is implicated and/or make some sort of assertion that the State failed to follow the proper standards in administering the breath test. See [*State v. Shindler]* (holding that a virtual copy of the sample motion to suppress contained in Ohio Driving Under the Influence Law (1990) 136–137, Section 11. 16, a legal handbook,

that listed numerous allegations of violations of the OAC by the State and provided the cite to the implicated OAC section was stated with sufficient particularity); *State v. Yeaples,* 180 Ohio App.3d 720, 907 N.E.2d 333, 2009–Ohio–184, at ¶ 14 (holding that a motion originally containing twenty alleged violations of the OAC, narrowed into ten allegations at the suppression hearing, that included the specific OAC section and sub-section at issue was stated with sufficient particularity); *Norwood v. Kahn,* 1st Dist. Nos. C–060497, C–060498, and C–060499, 2007–Ohio–2799 (finding that a motion containing a general allegation of non-compliance by the State and a listing of applicable OAC sections alleged to have been violated was stated with sufficient particularity).

*State v. Minnick*, 3rd Dist. No. 15-09-06, 2009-Ohio-5274, 2009 WL 3165581, ¶ 12.

{¶ 12} In the case sub judice, appellant's supplemental motion specifically cites to the statute and regulations he contends were not followed. The supplemental motion further provided the following specific, factual allegations,

The Defendant alleges that the State's procedures in this case were not in substantial compliance with the requirements set forth in O.A.C. 3701.53. Specifically the Defendant alleges that the urine sample in this case was not refrigerated while not in transit and that no documentation of the sample's chain of custody has been provided. The lab test was not performed until two weeks

after the sample was taken. Furthermore, the Defendant alleges that the positive result in this case was not confirmed by one or more dissimilar analytical techniques or methods.

{¶ 13} *State v. Neuhoff,* 119 Ohio App.3d 501, 695 N.E.2d 825(5th Dist. 1997) cited by the trial court is distinguishable. First, unlike the case at bar the trial court in *Neuhoff* did hold an evidentiary hearing on the defendant's motion to suppress. 119 Ohio App.3d at 509. Further, we have also noted,

Once the state has produced enough evidence at the hearing on a motion to suppress to create a reasonable inference that the regulation at issue was properly followed, the accused must do more than merely assert that it is hypothetically possible some more specific aspect of the regulation was not followed. The accused must have a factual basis for the assertion. *State v. Embry* supra 2004-Ohio-2535 at ¶ 26. One way this factual basis can be obtained is during cross-examination at the hearing on the motion. [Id.]. A defendant who files a boilerplate motion with a bare minimum factual basis will need to engage in cross-examination if he wishes to require the state to respond more than generally to the issues raised in the motion. [*Id.* at ¶ 27]* * *

*State v. Raleigh*, 5th Dist. No. 2007-CA-31, 2007-Ohio-5515, 2007 WL 2994237, ¶74.

{¶ 14} Accordingly, under the facts of this case we find appellant fully complied and did set forth some underlying facts in the memorandum and the supplemental memorandum in support of the motion to suppress. Appellant's motion and

supplemental memorandum stated with particularity the statues and regulations he alleged were violated, set forth some underlying factual basis to warrant a hearing, and gave the prosecutor and court sufficient notice of the basis of his challenge. *Shindler*, 70 Ohio St.3d at 70, 636 N.E.2d 319.

**{¶ 15}** Appellant's sole assignment of error is sustained.

**{¶ 16}** The judgment of the Canton Municipal Court, Stark County, Ohio overruling appellant's motion to suppress is vacated. This cause is remanded to that court for further proceedings in accordance with our opinion and the law.


By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS

[Cite as *State v. Ebersole*, 2012-Ohio-895.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHATHAM EBERSOLE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00215 |

For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Canton Municipal Court, Stark County, Ohio overruling appellant's motion to suppress is vacated. This cause is remanded to that court for further proceedings in accordance with our opinion and the law.  Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS